UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICI MARKETING, LLC, | : | |
| 14001 63rd Way North | : | |
| Clearwater, FL 33760 | : | |
| | : | Case No. _____ |
| Plaintiff | : | |
| | : | |
| v. | : | **CIVIL COMPLAINT** |
| | : | |
| UNITED MARKETING GROUP, LLC | : | |
| 929 N. Plum Grove Road | : | **JURY DEMAND ENDORSED** |
| Schaumburg, IL 60173 | : | **HEREON** |
| | : | |
| and | : | |
| | : | |
| TELEFORMIX, LLC | : | |
| 250 E. Devon Avenue | : | |
| Itasca, IL 60143 | : | |
| | : | |
| and | : | |
| | : | |
| SHC DIRECT, LLC d/b/a INTE Q or | : | |
| INTE Q GLOBAL, LLC | : | |
| 1815 S. Meyers Rd. Ste 300 | : | |
| Oakbrook Terrace, IL 60181 | : | |
| | : | |
| Defendants | : | |
| | : | |

**CIVIL COMPLAINT**

Plaintiff, Vici Marketing, LLC ("Vici"), through the undersigned counsel, hereby files this Civil Complaint against United Marketing Group, LLC ("UMG"), Teleformix,

LLC ("Teleformix") and SHC Direct LLC d/b/a Inte Q or Inte Q Global, LLC ("Inte Q"), and alleges the following:

## PARTIES

1. Plaintiff Vici is a limited liability company organized under the laws of the State of Florida with its principal place of business at 14001 63rd Way North, Clearwater, Florida 33760.

2. Defendant UMG is organized under the laws of the State of Illinois, with its principal place of business at 929 N. Plum Grove Road, Schaumburg, Illinois 60173.

3. Teleformix is a limited liability company organized under the laws of the State of Illinois, with its principal place of business at 250 E. Devon Avenue, Itasca, Illinois 60143. Teleformix is a successor in interest to the agreements between UMG and Vici.

4. Defendant Inte Q is a limited liability company organized under the laws of the State of Illinois, with its principal place of business at 1815 S. Meyers Rd., Ste 300, Oakbrook Terrace, IL 60181. Defendant Inte Q is a successor in interest to the agreements between UMG/Teleformix and Vici.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action concerns citizens from different states and the amount in controversy exceeds the sum or value of $75,000.

6. This Court has personal jurisdiction over UMG, Teleformix and Inte Q since all companies have conducted business in this District and/or have committed one or more acts giving rise to this action from within this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391 and pursuant to the contractual forum selection clause where the Parties agreed to venue any dispute between them in Federal Court in the State of Illinois.

## FACTUAL BACKGROUND

8. Vici is in the business of creating marketing programs to market third party products and services through various forms of media, including telephone solicitations and the Internet.

9. UMG is engaged in the business of marketing various membership service programs to consumers.

10. Inte Q specializes in helping leading retailers and other industry segments gather and analyze relevant customer behavior and demographic data.

11. On or about May 1, 2005, UMG and Vici entered into a Master Marketing Services Agreement ("Master Agreement"), whereby UMG desired to have Vici market its various membership services programs to consumers through agreed upon marketing campaigns, which were operated either solely by Vici or in connection with third party marketing partners engaged by Vici. A copy of this Master Agreement is attached hereto as Exhibit 1.

12. The Master Agreement was for an initial one year term and then automatically renewed for subsequent one year periods.

3

13. Certain details of each campaign were to be set forth in "Work Orders," which became attachments to the Master Agreement and included: (i) the details of each marketing campaign, (ii) the Vici marketing partner, if applicable, (iii) the marketing channels, (iv) compensation structure, (v) any "Upsells," as defined in the agreement (vi) and any other specifications relating to the particular campaign. The details were further confirmed by the long-standing course of dealing between Vici and UMG.

14. On or about May 1, 2005, UMG and Vici entered into "Work Order NO. 1 – JC Whitney, Inc." whereby Vici agreed to market a consumer list provided by JC Whitney through the use of an Outbound Telemarketing media channel in exchange for 50% of all proceeds as defined by the Master Agreement and an attached commission chart. A copy of this Work Order is attached as Exhibit 2.

15. On or about July 1, 2006, UMG and Vici entered into "Work Order NO. 2 – Joint Venture" whereby Vici agreed to market a consumer list provided by Joint Venture through the use of Outbound Telemarking media channel in exchange for 50% of all proceeds after recoupment of costs by UMG and reimbursement costs incurred by Vici in accordance with the work order. A copy of this Work Order is attached as Exhibit 3.

16. On or about December 4, 2006, UMG and Vici entered into "Work Order NO. 3 – Discover" whereby Vici agreed to market a consumer list provided by Joint Venture through the use of Outbound Telemarketing media channel in exchange for 50% of all proceeds after the payment of commission by UMG, recoupment costs by UMG, and reimbursement costs incurred by Vici in accordance with the terms of the work order. A copy of this Work Order is attached as Exhibit 4.

17. On or about March 28, 2008, Vici completed work under the last Work Order.

18. After March 28, 2008, Vici continued to perform services for UMG under the terms of the Master Agreement and UMG continued to pay Vici pursuant to the contractual agreements and course of dealing between UMG and Vici.

19. In approximately 2011, Teleformix acquired the rights to the Master Agreement and all other agreements between UMG and Vici.

20. For several years thereafter, Teleformix continued to receive the benefits generated by the contractual agreements and course of dealings that previously existed between UMG and Vici.

21. Teleformix timely made all payments due to Vici during this period.

22. Teleformix was a successor in interest to the agreements and course of dealing between UMG and Vici because it expressly or impliedly assumed the rights and obligations under these agreements and/or through its consolidation and/or merger with UMG.

23. On or about May, 2015, UMG/Teleformix refused to pay Vici for the services it provided without justification while continuing to receive the benefits of a revenue stream under these agreements.

24. In July, 2015, based on information and belief, Defendant Inte Q acquired Teleformix including all rights under the agreements between Vici and UMG/Teleformix.

25. Around this time, Inte Q represented that it "acquired" Teleformix and that the "combined entity has current annualized revenues in excess of $60 million."

26. Based on information and belief, Vici believes that Inte Q acquired the rights under all agreements between Vici and UMG/Teleformix.

27. After Inte Q acquired Teleformix, Inte Q received the benefits generated from the Vici's services without paying for same.

28. Representatives of the Defendants further indicated that all decisions regarding payment under the agreements were now handled by Inte Q.

29. After the acquisition by Inte Q any inquiries to UMG's website (www.unitedmarket.com) and Teleformix's website (www.teleformix.com) are now directed to Inte Q's website (www.inteqinsights.com).

30. Based upon information and belief, Defendant Inte Q became the successor in interest to the obligations under the agreements between UMG/Teleformix and Vici because Inte Q expressly or impliedly assumed the obligations under these agreements and/or the acquisition of Teleformix by Inte Q amounted to a consolidation or merger of these entities.

31. Despite accepting the revenues generated by the agreements and course of dealing, Defendants have not paid Vici for any of the work it has completed since May, 2015.

32. Defendants have failed to provide any justification or explanation for their intentional failure to pay Vici.

33. Defendants failure to pay Vici was intentional and willful.

6

34. Vici has been and continues to be damaged by Defendants' intentional and willful refusal to comply with its contractual obligations under the Master Agreement and all other agreements and established course of dealing.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract - UMG)

35. Vici incorporates the above paragraphs by reference as if set forth herein.

36. Plaintiff Vici has performed all of its obligations and services under the Master Agreement.

37. Plaintiff Vici has performed all other obligations and services set forth in the established course of dealing between Vici and UMG.

38. UMG has breached the contract in that it has failed to pay Plaintiff Vici in full for the outstanding amount due pursuant to the Master Agreement and course of dealing between Vici and UMG.

39. The intentional failure of UMG to pay Vici is willful and wanton.

40. The failure of UMG to pay Vici is a breach of the Master Agreement and the long standing course of dealing between Vici and UMG.

41. Plaintiff Vici has suffered damages as a direct and proximate result of Defendant UMG's intentional and willful breach of contract as set forth in the Master Agreement and the course of dealing between Vici and UMG.

42. Pursuant to the Master Agreement and the course of dealing between Vici and UMG, Vici is entitled to receive all of its costs, expenses and reasonable attorneys' fees incurred in bringing this action.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract - Teleformix)

43. Vici incorporates the above paragraphs by reference as if set forth herein.

44. Teleformix was a successor in interest to the agreements and course of dealing between UMG and Vici.

45. Plaintiff Vici has performed all of its obligations and services under the agreements.

46. Plaintiff Vici has performed all other obligations and services set forth in the established course of dealing between Vici and Teleformix.

47. Teleformix has breached the contract in that it has failed to pay Plaintiff Vici in full for the outstanding amount due pursuant to the Master Agreement.

48. The intentional failure of Teleformix to pay Vici is willful and wanton.

49. The failure of UMG to pay Vici is a breach of the Master Agreement and the long standing course of dealing between Vici and Teleformix.

50. Plaintiff Vici has suffered damages as a direct and proximate result of Defendant Teleformix's intentional and willful breach of contract as set forth in the Master Agreement and the course of dealing between Teleformix and UMG.

51. Pursuant to the Master Agreement and the course of dealing between Vici and Teleformix, Vici is entitled to receive all of its costs, expenses and reasonable attorneys' fees incurred in bringing this action.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract – Inte Q)

52. Vici incorporates the above paragraphs by reference as if set forth herein.

53. Plaintiff Vici has performed all of its obligations and services under the Master Agreement.

54. Plaintiff Vici has performed all other obligations and services set forth in the established course of dealing between Vici and UMG.

55. As the successor in interest that expressly or impliedly assumed the rights and obligations under the agreements, Defendant Inte Q has failed to pay Vici for the outstanding monies it is owed.

56. As the successor in interest that expressly or impliedly assumed the rights and obligations under the agreements, Defendant Inte Q has failed to pay Vici for the outstanding monies it is owed.

57. As the successor in interest, by way of merger or consolidation, Inte Q has failed to pay Vici for the outstanding monies it is owed.

58. The intentional failure of Inte Q to pay or to cause UMG not to pay Vici is willful and wanton.

59. The failure of Inte Q to pay Vici is a breach of the Master Agreement and the long standing course of dealing between Vici and UMG.

60. Plaintiff Vici has suffered damages as a direct and proximate result of Inte Q's intentional and willful breach of contract as set forth in the agreements and the course of dealing between Vici and UMG.

61. Pursuant to the Master Agreement, Work Orders and the course of dealing between Vici and UMG, Vici is entitled to receive all of its costs, expenses and reasonable attorneys' fees incurred in bringing this action.

### FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment – Inte Q)

62. Vici incorporates the above paragraphs by reference as if set forth herein, but does not incorporate those paragraphs that allege the existence of a contract between Vici and Inte Q.

63. In the alternative, if Inte Q is not a successor in interest to the agreements with Vici, Defendant Inte Q has unjustly retained the benefit of receiving a revenue stream generated by Vici.

64. Defendant Inte Q has not paid for such benefits owed to Vici.

65. Allowing Defendant Inte Q to retain the benefits of such revenue streams generated by Vici violates the fundamental principles of justice, equity and good conscience.

66. Vici has been damaged by Inte Q's actions.

### FIFTH CLAIM FOR RELIEF

### (Tortious Interference with Contract – Inte Q)

67. Vici incorporates the above paragraphs by reference as if set forth herein.

68. On or about May 1, 2005, Vici and UMG entered into a Master Agreement, which is a valid enforceable contract.

69. At all relevant times, Defendant Inte Q has been aware of the contractual relationship between Vici and UMG.

70. Defendant Inte Q has intentionally and unjustifiably induced UMG to breach its contract with Vici by causing UMG not to pay Vici the monies it is owed pursuant to the Master Agreement.

71. Defendant Inte Q's actions to prevent UMG's payment to Vici is wrongful, willful and without justification.

72. Defendant Inte Q's wrongful actions have resulted in damages to Vici.

## **PRAYER FOR RELIEF**

Wherefore, Vici prays for Judgment from this Honorable Court in favor of Vici and against UMG, Teleformix and Inte Q as follows:

A. Direct and compensatory damages as a result of UMG's and Inte Q's intentional, willful and wanton actions in an amount to be proven at trial;

B. Costs of the lawsuit incurred herein;

C. All reasonable attorneys' fees, expenses and costs as set forth in Paragraph 15(c) of the Master Marketing Service Agreement; and

D. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Gregory H. Wagoner
Gregory H. Wagoner (IL Bar No. 6276111)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, OH 43604-5573
Telephone: 419-241-9000
Facsimile: 419-241-6894
gwagoner@slk-law.com
Attorney for Plaintiff, Vici Marketing, LLC

11

## DEMAND FOR JURY TRIAL

Vici hereby demands trial by jury on all issues so triable.

> Respectfully submitted,
>
> /s/Gregory H. Wagoner
> Gregory H. Wagoner (IL Bar No. 6276111)
> SHUMAKER, LOOP & KENDRICK, LLP
>
> Attorney for Plaintiff,
> Vici Marketing, LLC