IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICI MARKETING, LLC, | ) |
|     Plaintiff/Counterclaim-<br>    Defendant/Third Party Defendant, | )<br>)<br>)<br>) |
| v. | ) |
| UNITED MARKETING<br>GROUP, LLC, et al., | ) No. 15 C 11614<br>)<br>) Hon. Virginia M. Kendall |
|     Defendants/Counterclaim-<br>    Plaintiffs/Third Party Plaintiffs | )<br>)<br>) |
| v. | )<br>) |
| SCOTT ROIX, et al., | )<br>) |
|     Third Party Defendants. | )<br>) |

**MEMORANDUM ORDER AND OPINION**

Following cross-motions for summary judgment and during its determination on the pending motions, the Court questioned whether the parties had failed to properly allege this Court's diversity jurisdiction. As a result, the Court ordered the parties to submit further documentation supporting that the parties are in fact diverse. In response to the Court's request for additional information regarding the parties' citizenship (Dkt. 99), both parties have acknowledged that diversity jurisdiction does not exist. (Dkt. 102 at 3; Dkt. 106 at 2.) Facing the possibility of dismissal for lack of jurisdiction, Plaintiff Vici seeks leave to amend its Complaint in order to add a federal question. (Dkt. 101.) For the reasons set forth below, the Court dismisses the case without prejudice for lack of subject-matter jurisdiction.

**BACKGROUND**

On December 23, 2015, Plaintiff Vici Marketing, LLC ("Vici") sued United Marketing Group, LLC ("UMG"), Teleformix, LLC, and SHC Direct, LLC d/b/a/ Inte Q, LLC, alleging several common law claims including breach of contract, unjust enrichment, and tortious interference. (Dkt. 1.) The Complaint alleged that this Court had jurisdiction under § 1332, the diversity jurisdiction statute. (*Id.* ¶ 5.) Vici made the following statements in support of its jurisdictional allegations: 1) Plaintiff Vici is an LLC organized under the laws of Florida with its principal place of business in Florida; 2) Defendant United Marketing Group is an LLC organized under the laws of Illinois with its principal place of business in Illinois; 3) Defendant Teleformix is an LLC organized under the laws of Illinois with its principal place of business in

1

Illinois; 4) Defendant Inte Q is an LLC organized under the laws of Illinois with its principal place of business in Illinois. (*Id.* at 1–4.)

On February 19, 2016, Defendants filed a Counterclaim (Dkt. 15) against Vici and Scott Roix, the Managing Member of Vici, as well as other entities that have since defaulted out of this lawsuit. The Defendants made precisely the same jurisdictional and citizenship allegations as Vici made in its Complaint.

After the close of discovery, the parties submitted cross-motions for summary judgement on November 29, 2016. On March 8, 2017, Defendants/Counterclaim-Plaintiffs sought leave to re-open discovery, (Dkt. 89), which the Court denied on April 10, 2017. (Dkt. 97.)

In reviewing motions for summary judgment, on July 6, 2017, the Court recognized that the parties had failed to properly allege citizenship for diversity purposes because most of the parties are LLCs. For LLCs, the proper test of citizenship is not where they are incorporated or where their principal place of business is located. Rather, LLCs are citizens of every state of which their members are citizens. *Thomas v. Guardsmark, L.L.C.*, 487 F.3d 531, 534 (7th Cir. 2007); *see also Baez-Sanchez v. Sessions*, No. 17-1438, 2017 WL 2927632, at *2 (7th Cir. July 10, 2017) (explaining that in order to properly allege citizenship of an LLC, the parties must "work back through the ownership structure until one reaches either individual human beings or a formal corporation with a state of incorporation and a principal place of business."). Because the parties failed to allege who the LLCs' members were and where they were domiciled, the Court was without sufficient information to determine whether diversity jurisdiction existed. As such, the Court required that the parties submit supplemental statements describing how the Court has jurisdiction. (Dkt. 99.)

In response to the Court's order, the Defendants/Counterclaim-Plaintiffs submitted a perfunctory statement (Dkt. 100) that did not provide the requisite information for the Court to determine whether it had jurisdiction. The Court then issued a second order for additional citizenship information (Dkt. 105), in response to which Defendants submitted an additional statement that made clear that parties on both sides of this lawsuit are citizens of Florida.

Diversity jurisdiction does not exist because two members of EES Global, LLC, Jeffrey and Gloria Harris, are citizens of Florida. (Dkt. 105) Because EES Global is a member of all of the LLC-Defendants in this case, the LLC-Defendants are citizens of Florida, the same state that Vici and Roix are citizens. Acknowledging the lack of diversity, Plaintiffs allege that Defendants have repeatedly deceived Plaintiffs as to their citizenship and that Defendants have repeatedly admitted to Vici's jurisdictional allegations throughout the course of this lawsuit.

Recognizing that the Court might dismiss the case for lack of jurisdiction and arguing that Defendants have operated in bad faith by failing to disclose their citizenship earlier, Vici and Roix filed a motion seeking leave to amend their Complaint to add a federal question. (Dkt. 101-1.) They now seek to add a claim that each Defendant violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, by sharing information from Vici's "List Provider Consumer" Databases with other Defendants. According to the allegations, Vici provided this list exclusively to UMG, and UMG has since shared this list with the other Defendants in abuse of its agreement with Vici.

## DISCUSSION
### 1. The Court Does Not Have Jurisdiction to Permit Plaintiffs' Amendment.

"It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007). When a court determines that it lacks subject-matter jurisdiction, however, it *must* dismiss the

action in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Aljabri v. Holder*, 745 F.3d 816, 818 (7th Cir. 2014) ("we *must* dismiss this suit if such jurisdiction is lacking") (emphasis added); *Stewart v. United States*, 199 F.2d 517, 519 (7th Cir. 1952) ("It must be fundamental that if a court is without jurisdiction of the subject matter it is without power to adjudicate and the case could be properly disposed of only by dismissal of the complaint for lack of jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Dismissal is the only appropriate option when subject-matter jurisdiction is lacking because federal courts are courts of limited jurisdiction and "cannot create jurisdiction where we have none." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015); *see also Evergreen Square of Cudahy v. Wisc. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 468 (7th Cir. 2015) ("federal courts possess only that power authorized by Constitution and statute" and that considerations of judicial economy alone do not expand jurisdiction) (citations omitted). As the parties concede, this Court lacks subject-matter jurisdiction. As a result, the Court has no authority to grant Plaintiffs' Motion for Leave to Amend Their Complaint and must instead dismiss the action without prejudice.

Furthermore, 28 U.S.C § 1653, the jurisdictional amendment statute, only allows courts to permit parties to make amendments to inadequate jurisdictional allegations, but does not account for the amendment of defective jurisdictional facts. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Quinn v. McGraw-Hill Cos.*, 168 F.3d 331, 334 n.1 (7th Cir. 1999) (explaining that a party may correct an inadequate jurisdictional allegation even at a late stage in litigation where the underlying jurisdictional facts relating to diversity had always been sufficient to establish jurisdiction); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (allowing amendment where parties were actually diverse but Complaint did not properly allege diversity). From the beginning of this case, the Complaint and Counterclaim included inadequate jurisdictional allegations and, as the Court later learned, defective jurisdictional facts. That is, it is not merely that Plaintiffs and Counter-Claimants provided an inadequate description of the relevant LLCs' citizenship; rather, had they properly alleged the citizenship of those LLCs, the Court would have been aware that it did not have jurisdiction. Given that the parties are non-diverse, *Newman-Green* prohibits amendments under § 1653 that would create jurisdiction "where none existed before." *Newman-Green*, 490 U.S. at 831; *see also Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) ("Section 1653 provides a method for curing defective allegations of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (cited approvingly in *Newman-Green*, 490 U.S. at 832 n.5) (holding that parties cannot use § 1653 for the purpose of substituting new causes of action over which there would be jurisdiction when there is no jurisdiction over the original claims; Section "1653 is limited to curing technical defects only"); *Olympia Exp., Inc. v. Linee Aeree Italiane S.P.A.*, 437 F.Supp.2d 780, 790 (N.D. Ill. 2006), rev'd on other grounds by 509 F.3d 347 (7th Cir. 2007) (explaining that an "after-the-fact attempt to create federal jurisdiction where none originally existed" constitutes "a misuse of Section 1653"); *Holt v. Lockheed Support Sys., Inc.*, 835 F.Supp. 325 (W.D. La. 1993) (cited approvingly by *Stein v. Sprint Commc'ns Co.*, 968 F.Supp 371, 375 (N.D. Ill. 1997)) (denying amendment to assert federal question jurisdiction where diversity jurisdiction was the original jurisdictional allegation because § 1653 "cannot be invoked to claim an entirely new and distinct jurisdictional basis"). The Court may only allow jurisdictional amendments where the Court had subject-matter jurisdiction over the original claims and parties

3

in the first place, which is not the case here. *See, e.g., Lyerla v. Amco Ins. Co.*, 461 F.Supp.2d 834 (S.D. Ill. 2006) (granting leave to amend inadequate allegations of diversity where it was ambiguous whether the jurisdictional facts were sufficient to create to diversity jurisdiction); *Springfield Oil Servs., Inc. v. Mermelstein*, 914 F.Supp. 258 (N.D. Ill. 1996) (granting leave to amend pursuant to § 1653 where diversity actually existed but was improperly alleged).

### 2. Even if the Court had Jurisdiction, Amendment is Not Appropriate.

Even if the Court could grant Plaintiffs leave to amend, it would still be within its discretion to deny leave due to the undue delay in alleging this federal claim. Under Federal Rule of Civil Procedure 15(a)(2), the Court must grant leave to amend a complaint when justice so requires. However, it is inappropriate for the Court to grant such leave when "there is undue delay, bad faith, dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 2016).

Vici had all the information needed to state its federal trade secrets claim from the beginning of this lawsuit. Discovery has closed, summary judgment has been fully briefed, and no new facts have presented themselves so Vici cannot escape the requirement that amendments be made without "undue delay." Vici's failure to amend earlier constitutes an undue delay. *See Hukic v. Aurora Loan Servs*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming the district court's decision to deny leave to amend where the information needed to state the claim alleged in the amendment was publically available from the beginning of the lawsuit; "district courts have broad discretion to deny leave to amend where there is undue delay"); *Cleveland v. Porca Co.*, 38 F.3d 289, 297–98 (7th Cir. 1994) (holding that the district court did not abuse its discretion by denying leave to amend after discovery had closed and summary judgement had been fully briefed). Given that the citizenship information and factual bases for Vici's federal claim have been available to Vici since the beginning of this lawsuit, it is well within the Court's discretion to deny leave to amend at this late stage of the litigation.

### CONCLUSION

Due to this Court's lack of subject-matter jurisdiction, this case is dismissed without prejudice.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: July 31, 2017

4